UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Jammy N.,[1]

                                              Plaintiff,

                                                                    Case # 24-CV-99-FPG

v.                                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.

## INTRODUCTION

Plaintiff Jammy N. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 12. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In May 2022, Plaintiff protectively applied for DIB benefits with the Social Security Administration ("the SSA"). Tr.[2] 173–74. She alleged disability since January 3, 2022. Tr. 190. The claim was initially denied on November 2, 2022, and upon reconsideration on March 23, 2023.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 3.

Tr. 16. On July 25, 2023, Administrative Law Paul Georger ("the ALJ") held a hearing. Tr. 28–62. The ALJ issued a decision finding that Plaintiff was not disabled on August 29, 2023. Tr. 13–27. Plaintiff requested review by the Appeals Council, but the request was denied on November 28, 2023. Tr. 1–7. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.  Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step

one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged

onset date. Tr. 18. At step two, the ALJ found that Plaintiff had the following severe impairments:

major depressive disorder, posttraumatic stress disorder (PTSD) with dissociative episodes,

degenerative disk disease of the cervical spine, migraine headaches, and vertigo. Tr. 18. At step

three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the

impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18–20.

Next, the ALJ found that Plaintiff had the following RFC:

> [She can] perform light work as defined in 20 CFR 404.1567(b) except occasionally
> reaching overhead with the left arm, for all other reaching she can reach
> occasionally to the left. [She] can climb ramps and stairs occasionally, never climb
> ladders, ropes or scaffolds; [she can] balance, kneel, crouch and crawl occasionally.
> [She is] able to perform simple, routine and repetitive tasks but not at a production
> rate pace (e.g., assembly line work); [she] is able to perform simple work-related
> decision[s]; [she can have] occasional interaction with supervisors, coworkers and
> the general public; [she] is able to tolerate few changes in a routine work setting
> defined as occasional changes to the worksite and routine. [She can have no]
> exposure to bright light, loud noise and string [sic] odors; [she can have] occasional
> exposure to unprotected heights and moving mechanical parts, [but] no operation
> of a motor vehicle.

Tr. 20. At step four, the ALJ found that Plaintiff was unable to perform her past relevant work. Tr.

22. At step five, the ALJ found that, given Plaintiff's age, education, work experience, and RFC,

there were jobs available in the national economy that she could perform. Tr. 22–23. Accordingly,

the ALJ found that Plaintiff is not disabled. Tr. 23.

### II.    Analysis

Plaintiff asserts that the ALJ's decision was not supported by substantial evidence because

the ALJ erred in his consideration of the opinion evidence, which resulted in an insufficient RFC

assessment. ECF No. 9-1 at 18. Specifically, she argues that the ALJ (a) failed to properly evaluate opinions from state agency consultants regarding social contact; (b) failed to properly evaluate opinions from state agency consultants regarding noise environments; and (c) failed to resolve conflicts within the Vocational Expert (VE) testimony. *Id.* For the reasons discussed below, the Court concludes that remand is not warranted on these grounds.

### a. Evaluation of Consultative Opinions Regarding Social Contact

First, Plaintiff argues that because the ALJ found the opinions of state-agency consultants Dr. Haus and Dr. May persuasive, the ALJ must explain why he rejected their findings that Plaintiff would be limited to jobs with "brief, superficial contact with others" in the RFC determination. *Id.* at 19–20. As the ALJ did not discuss why he rejected these findings in the RFC, Plaintiff argues that remand is warranted. *Id.* at 22.

As a general matter, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (quotation and citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions," *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted," *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)).

Plaintiff argues that this case must be remanded because Dr. Haus's and Dr. May's findings that Plaintiff is limited to "brief and superficial contact" are inconsistent with the RFC limiting Plaintiff to "occasional interaction." ECF No. 9-1 at 22. The Court disagrees. Many courts have found that where, as here, an ALJ properly gave considerable weight to a medical opinion stating a Plaintiff's ability to handle brief and superficial contact, an RFC containing a limitation to

"occasional interaction" is supported by substantial evidence. *Amos v. Comm'r of Soc. Sec.*, No. 18-CV-1367, 2020 WL 1493888, at *5–6 (W.D.N.Y. Mar. 27, 2020) (finding that the RFC providing for occasional interaction with the public and coworkers was supported by substantial evidence where the ALJ gave significant weight to a medical opinion that plaintiff could handle brief and superficial contact); *Torres v. Comm'r of Soc. Sec.*, No. 17-CV-579, 2019 WL 2117651, at *3–4 (W.D.N.Y. May 15, 2019) (finding that the RFC limiting plaintiff to occasional interaction with the public was supported by substantial evidence even where the ALJ completely omitted consideration of a medical opinion that plaintiff could handle brief and superficial contact); *Ward v. Comm'r of Soc. Sec*, No. 18-CV-1317, 2020 WL 3035850, at *3 (W.D.N.Y. June 5, 2020) (finding that the RFC's limitation to "occasional interaction" accounted for a medical opinion limiting plaintiff to brief and superficial contact).

Accordingly, the RFC limiting Plaintiff to occasional interaction with supervisors, coworkers, and the public is supported by substantial evidence and remand is not warranted on this ground.[3]

### b. Evaluation of Consultative Opinions Regarding Noise Exposure

Next, Plaintiff argues that the ALJ erred by failing to "evaluate, assess, or even make mention of the limitation to avoid even moderate noise exposure," which was opined by consultative physicians Dr. Lawerence and Dr. Miller. ECF No. 9-1 at 22. Plaintiff contends that the ALJ found the opinions unpersuasive because they did "not adequately consider the claimant's degenerative disk disease and *migraines*." *Id.* Plaintiff maintains that because the opinions did

---

[3] Plaintiff also argues in this section that the ALJ failed to discuss (a) parts of Dr. Fabiano's opinion, (b) Plaintiff's 100% service-connected disability for PTSD, (c) her military sexual trauma, and (d) sexual abuse, and Plaintiff implies that the case must be remanded because without discussion of this evidence, it is unclear if the ALJ even considered it. *See* ECF No. 9-1 at 20–21; ECF No. 13 at 2. However, an ALJ is not required to "mention[ ] every item of testimony presented to him" in his decision. *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). Therefore, the ALJ's failure to discuss this evidence, without more, does not warrant remand.

specifically consider Plaintiff's migraines, the ALJ must not have considered these opinions when crafting the RFC, and as such, remand is warranted. *Id.* at 23.

The Court disagrees. The ALJ did not find Dr. Lawrence's and Dr. Miller's opinions unpersuasive because they failed to consider Plaintiff's migraines. *See* Tr. 21. Instead, the ALJ explained that because Dr. Lawerence and Dr. Miller indicated that Plaintiff had no exertional limits, he found their opinions unpersuasive because they did not adequately consider Plaintiff's degenerative disk disease and migraines. Tr. 21. The ALJ also explained that he found the opinions unpersuasive because evidence was added to the record after their opinions were rendered. Tr. 21. As Dr. Lawrence's and Dr. Miller's opinions indicated that Plaintiff had no exertional limits and were rendered prior to evidence being added to the record, the Court cannot conclude that the Plaintiff is correct that the ALJ failed to consider these opinions.

Plaintiff further argues that the ALJ erred by not explaining his failure to incorporate Dr. Lawrence's and Dr. Miller's opinions that Plaintiff must avoid even moderate noise in the RFC. ECF No. 9-1 at 22–23. However, the ALJ is under no such obligation. "A finding that a medical opinion is 'unpersuasive' rather than 'somewhat persuasive' or even 'minimally persuasive' indicates that the opinion was given no effect by the ALJ." *Leslie H. L. v. Comm'r of Soc. Sec.*, 21CV00150, 2021 WL 5937649, at *5 (D. Conn. Dec. 6, 2021). Consequently, so long as the ALJ adequately explains why he found the opinions unpersuasive, it is of no importance that he failed to discuss their specific findings because "[as] a matter of plain language and common sense, an unpersuasive opinion [can] have no role in the decision-making process." *Id.* In this case, the ALJ adequately explained that he found Dr. Lawerence's and Dr. Miller's opinions unpersuasive because the opinions lacked exertional limitations and because evidence was added to the record

after their opinions were rendered. Tr. 21. The Court therefore concludes that remand is not warranted on this ground.

### c. Failure to Resolve Conflicts Within VE Testimony

Finally, Plaintiff argues that the ALJ failed to resolve conflicts in the VE's testimony. ECF No. 9-1 at 24. Specifically, she argues that the ALJ failed to obtain a reasonable explanation for conflicts between the Dictionary of Occupational Titles ("DOT") and the VE's testimony. *Id.* at 26. The Court disagrees. Plaintiff cites to testimony in the record where the ALJ gave the VE hypothetical limitations, and the VE responded with jobs that would be available to Plaintiff. *Id.* at 24–25. Initially, the VE gave one assessment, but after the ALJ clarified the limitations, the VE realized that she had misunderstood the question. Tr. 57. The VE then changed her assessment to correctly respond to the ALJ's hypothetical. Tr. 57–59. Thus, there were no inconsistencies in the testimony—there was simply a misunderstanding during the hearing, which was rectified when the ALJ clarified what he was asking. Plaintiff cites no inconsistencies between the DOT and the VE's assessment following the clarification, and as such, remand is not warranted on that ground.[4]

Plaintiff also argues that remand is warranted because when the VE identified what occupations would be available to Plaintiff based on the hypothesized limitations, she did not explain the process by which she reduced the numbers of jobs available in the national economy to account for the specific limitations. ECF No. 9-1 at 25. While Plaintiff frames this as an inconsistency between the testimony and the DOT, the DOT does not report how many jobs are available in the economy and therefore, there can be no inconsistency. *See Brault v. Soc. Sec.*

---

[4] Plaintiff also argues that the ALJ did not fulfill his obligation to uncover apparent conflicts in the VE testimony because he did not resolve the internal conflicts within the testimony. ECF No. 13 at 4. However, the case law cited to support this proposition specifically states that "ALJs are required to obtain a reasonable explanation for any apparent—even if non-obvious—conflict between the Dictionary and a vocational expert's testimony." *Gibbons v. Comm'r of Soc. Sec.,* No. 22-2730, 2023 WL 3830774, at *2 (2d Cir. June 6, 2023) (quotation omitted). As Plaintiff cites no inconsistencies between the DOT and the VE's assessment, the Court need not address this argument.

*Admin, Comm'r*, 683 F.3d 443, 446 (2d Cir. 2012). Nevertheless, the VE did explain that her calculations regarding the reduction in jobs were based on her "professional experience and education." Tr. 59. Despite Plaintiff's argument to the contrary, that is an adequate explanation of the basis for the VE's reductions in jobs and consequently, remand is not warranted. *See McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (holding that the ALJ reasonably credited a VE's testimony where the basis for the VE's conclusion was his professional experience and clinical judgment).

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 12, 2025
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York